Russell S. Thompson, IV (029098)
David N. McDevitt (030761)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@consumerlawinfo.com
dmcdevitt@consumerlawinfo.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marsha Ogletree, *on behalf of herself and all others similarly situated*<br><br>Plaintiff,<br><br>    vs.<br><br>Cafe Valley, Inc.,<br><br>Defendant. | Case No. 2:16-cv-03881-JJT<br><br>**FIRST AMENDED COMPLAINT AND TRIAL BY JURY DEMAND** |

## NATURE OF ACTION

1. Plaintiff Marsha Ogletree ("Plaintiff") brings this class action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

2. Defendant Cafe Valley, Inc. ("Defendant") routinely obtains and uses information in consumer reports to conduct background checks on prospective employees, and frequently relies on such information, in whole or in part, as a basis for adverse employment actions, including the refusal to hire and the termination of employment.

3. The use of consumer report information for employment purposes is not unlawful *per se*, but it is subject to strict disclosures and authorization requirements under the FCRA.

4. Defendant has negligently and/or willfully violated these requirements, in violation of Plaintiff's rights.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

6. Venue is proper before this Court under 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and the Defendant transacts business in this district.

## PARTIES

7. Plaintiff is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Phoenix.

8. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

9. Defendant is a for-profit Arizona corporation.

## THE FAIR CREDIT REPORTING ACT

10. The FCRA was enacted by Congress to ensure fair and accurate credit reporting and to protect consumer privacy. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007).

11. The FCRA defines a "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general

reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for…employment purposes." 15 U.S.C. § 1681a(d)(1)(B).

12. "The FCRA is not an employment statute, but it imposes a duty on employers to provide prospective employees with information about their consumer reports." *Johnson v. ADP Screening and Selection Services, Inc.*, 768 F. Supp. 2d 979, 983 (D. Minn. 2011).

13. Before even obtaining a consumer report for employment purposes, an employer must make "a clear and conspicuous disclosure…in writing…in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(A)(i).

14. The consumer must also authorize in writing the procurement of the report. 15 U.S.C. § 1681b(b)(2)(A)(ii).

15. "[I]n using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates…a copy of the report." 15 U.S.C. § 1681b(b)(3)(A).

16. "The clear purpose of this section is to afford employees time to discuss reports with employers or otherwise respond before adverse action is taken." *Goode v. LexisNexis Risk & Info. Analytics Group, Inc.*, 848 F. Supp. 2d 532, 537 (E.D. Pa. 2012) (citation to secondary sources omitted).

17. "Congress's use of the word 'before' shows that there must be some time between notice and action." *Johnson*, 768 F. Supp. 2d at 983.

18. "Adverse action" includes "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k)(1)(B)(ii).

19. "[A]n adverse action occurs when the decision is carried out, when it is communicated or actually takes effect." *Goode*, 848 F. Supp. 2d at 540.

## FACTUAL ALLEGATIONS

20. Sometime prior to April 15, 2016, Plaintiff submitted an employment application to work for Defendant.

21. On April 15, 2016, as a mandatory part of her employment application, Defendant required Plaintiff to sign a form entitled "FCRA Disclosure and Acknowledgment" ("the Disclosure Form") so it could conduct a background investigation about her, and to obtain her consumer report.

22. Defendant routinely uses Universal Background Screening to generate the consumer reports that it relies on in making employment determinations.

23. Defendant obtained the Disclosure Form from Universal Background Screening.

24. The Disclosure Form is written in fine print and contains 10 separate paragraphs, the last of which extends to a second page.

25. The Disclosure Form contains additional disclosure language pertaining to "investigative consumer reports."

First Amended Complaint - 4

26. Specifically, the Disclosure Form says "you may be the subject of a 'consumer report' and/or an 'investigative consumer report,' and goes on to state that: "Please be advised that the nature and scope of the most common form of investigative consumer report obtained is an investigation into your education and/or employment history."

27. Upon information and belief, Defendant never conducted "investigative consumer reports" during the time that it relied on Universal Background Screening to perform background checks on its prospective employees.

28. The Disclosure Form also contains additional disclosure language required by the states of New York, Maine, Oregon, Washington, Minnesota, Oklahoma, and California.

29. Upon information and belief, Defendant did not hire or seek to hire any individuals in the aforementioned states.

30. Upon information and belief, Defendant only employees individuals in the state of Arizona and Indiana.

31. The Disclosure Form also states "I agree that a facsimile ("fax"), electronic or photographic copy of this Authorization shall be valid as the original."

32. Universal Background Screening is engaged in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

33. Universal Background Screening is a "consumer reporting agency" under the FCRA.

34. Universal Background Screening assembled a "consumer report," as defined by the FCRA, on behalf of Defendant in evaluating Plaintiff for prospective employment.

35. Defendant hired Plaintiff, and Plaintiff began working for Defendant on April 20, 2016.

36. On April 27, 2016, while on her lunch break, Plaintiff was called into her supervisor's office, was informed that an arrest warrant appeared on her background check, and was immediately terminated.

37. Defendant did not provide Plaintiff with a complete copy of the background check report before terminating her.

38. At no later time did Defendant Plaintiff with a complete copy of the background check report.

39. Defendant told Plaintiff she had to leave the premises, and could not return until she cleared up the arrest warrant that had appeared on the background check.

40. Defendant ceased paying Plaintiff after April 27, 2016.

41. Upon information and belief, Defendant is aware of the requirements imposed on users of consumer reports for employment purposes by 15 U.S.C. § 1681b(b).

42. In spite of this knowledge, Defendant used the Disclosure Form in its background check process, even though it is not a document that consists solely of the

First Amended Complaint - 6

clear and conspicuous disclosure that a consumer report may be obtained for employment purposes.

43. In spite of this knowledge, Defendant did not provide Plaintiff with a copy of her consumer report prior to taking adverse action against her, as required by § 1681b(b)(3).

## CLASS ACTION ALLEGATIONS

44. Plaintiff repeats and re-alleges all previous paragraphs.

45. Upon information and belief, Defendant maintains a routine practice of obtaining consumer reports about employees and/or prospective employees in reliance on the Disclosure Form.

46. Upon information and belief, Defendant maintains a routine practice of taking adverse action against employees based on information contained in their consumer reports without first providing a copy of such report to said current and prospective employees.

47. Plaintiff brings this action on behalf of herself and others similarly situated. Specifically, Plaintiff seeks to represent two classes of individuals defined as:

> 1. All individuals in the United States about whom, since November 8, 2014, Defendant obtained a criminal background check from Universal Background Screening for employment purposes.
>
> 2. All employees of Defendant in the United States against whom Defendant took adverse action, since November 8, 2014, based in whole or in part, on a criminal background check obtained from Universal Background Screening, and who were not provided a copy of such report in advance.

First Amended Complaint - 7

48. The proposed classes specifically exclude the United States of America, the State of Arizona, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Ninth Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

49. The classes are averred to be so numerous that joinder of members is impracticable.

50. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

51. The classes are ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

52. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of the FCRA; (c) the availability of statutory penalties; and (d) attorney's fees and costs.

53. The claims of Plaintiff are typical of those of the classes she seeks to represent.

54. The claims of Plaintiff and of the classes originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted

individually, the claims of each class member would require proof of the same material and substantive facts.

55. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

56. Plaintiff will fairly and adequately protect the interests of the classes and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the classes.

57. Plaintiff is willing and prepared to serve this Court and proposed classes.

58. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

59. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

60. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

61. The prosecution of separate actions by individual members of the classes would create a risk of inconsistent or varying adjudications with respect to individual

members of the classes, which would establish incompatible standards of conduct for the parties opposing the classes. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the classes.

62. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the classes, making final declaratory or injunctive relief appropriate.

63. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the classes predominate over any questions affecting only individual members.

64. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1681b(b)(3)(A)**

65. Plaintiff repeats and re-alleges each factual allegation above.

66. Defendant used a "consumer report," as defined by the FCRA, to take adverse employment action against Plaintiff.

67. Defendant violated 15 U.S.C. § 1681b(b)(3)(A) by taking adverse action against Plaintiff based on the content of a consumer report without first providing her a copy of the report or a description of her FCRA rights.

68. Specifically, Defendant took adverse action against Plaintiff when it terminated Plaintiff on April 27, 2016 due to the results of its background check, and where it did so without providing her with a copy of the report and a notice of her rights in advance, as required by the FCRA.

69. In addition to or in the alternative, Defendant violated 15 U.S.C. § 1681b(b)(3)(A) when it sent Plaintiff home on April 27, 2016, ceased paying Plaintiff, and told Plaintiff that she was not permitted to return until she cleared up the arrest warrant that appeared on her consumer report, and where it did so without providing her with a copy of the report and a notice of her rights in advance, as required by the FCRA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operative complaint for class purposes.

b) Adjudging that Defendant negligently violated 15 U.S.C. § 1681b(b)(3)(A) with respect to Plaintiff and the putative class members;

    c) Adjudging that Defendant willfully violated 15 U.S.C. § 1681b(b)(3)(A) with respect to Plaintiff and the putative class members;

    d) Awarding Plaintiff, and all those similarly situated, statutory damages and punitive damages, pursuant to 15 U.S.C. § 1681n;

    e) Awarding Plaintiff, and all those similarly situated, actual damages, pursuant to 15 U.S.C. § 1681o;

    f) Awarding Plaintiff, and all those similarly situated, the costs of the action, and a reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n, 15 U.S.C. § 1681o, or Rule 23.

    g) Awarding Plaintiff, and all those similarly situated, pre-judgment and post-judgment interest as permissible by law; and

    h) Awarding such other and further relief as the Court may deem just and proper.

**COUNT II**
**VIOLATION OF 15 U.S.C. § 1681b(b)(2)(A)**

70. Plaintiff repeats and re-alleges each factual allegation above.

71. Defendant obtained a "consumer report," as defined by the FCRA, about Plaintiff for employment purposes.

72. Defendant violated 15 U.S.C. § 1681b(b)(2)(A) by obtaining a consumer report about Plaintiff for employment purposes without first making a clear and conspicuous disclosure in a document consisting solely of the disclosure that a consumer report may be obtained for employment purposes.

73. Furthermore, Defendant's use of the Disclosure Form was a willful violation of 15 U.S.C. § 1681b(b)(2)(A), based on the small font size, large volume of superfluous text, and the irrelevant information contained therein.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operative complaint for class purposes.

b) Adjudging that Defendant negligently violated 15 U.S.C. § 1681b(b)(2)(A) with respect to Plaintiff and the putative class members;

c) Adjudging that Defendant willfully violated 15 U.S.C. § 1681b(b)(2)(A) with respect to Plaintiff and the putative class members;

d) Awarding Plaintiff, and all those similarly situated, statutory damages and punitive damages, pursuant to 15 U.S.C. § 1681n;

e) Awarding Plaintiff, and all those similarly situated, actual damages, pursuant to 15 U.S.C. § 1681o;

f) Awarding Plaintiff, and all those similarly situated, the costs of the action, and a reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n, 15 U.S.C. § 1681o, or Rule 23.

g) Awarding Plaintiff, and all those similarly situated, pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

74. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: July 14, 2017

Respectfully submitted,

s/ Russell S. Thompson, IV
Russell S. Thompson, IV (029098)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@consumerlawinfo.com

s/ David N. McDevitt
David N. McDevitt (030761)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 845-5969
Facsimile: (866) 317-2674
dmcdevitt@consumerlawinfo.com
Attorneys for Plaintiff