NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marsha Ogletree,<br><br>        Plaintiff,<br><br>v.<br><br>Cafe Valley Incorporated,<br><br>        Defendant. | No. CV-16-03881-PHX-JJT<br><br>**ORDER** |

    At issue is the Joint Motion for Conditional Class Certification and Preliminary Approval of Class Settlement (Doc. 34). The parties also filed a Notice of Errata Regarding Exhibit "1" to Joint Motion for Conditional Class Certification and Preliminary Approval of Class Settlement (Doc. 38). This Court being advised that the parties to this action, Plaintiff Marsha Ogletree and Defendant Café Valley, Inc., through their respective counsel, have agreed, subject to Court approval following notice to the Class Members and a hearing, to settle this case upon the terms and conditions set forth in the Settlement Agreement ("Agreement"), which has been filed with the Court, and the Court deeming that the definitions set forth in the Agreement are hereby incorporated by reference herein;

    Based upon the Agreement and all of the files, records, and proceedings herein, it appears to the Court that, upon preliminary examination, the proposed settlement appears fair, reasonable, and adequate. Therefore, a hearing will be set after Notice to the Class

Members, to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Order and Judgment should be entered in this case:

IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of this action and over all settling parties hereto.

2. The Court preliminarily finds that this action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

   a) The Class Members are so numerous that joinder of all of them in this lawsuit is impracticable;

   b) There are questions of law and fact common to the Class Members, which predominate over any individual questions;

   c) The claims of Plaintiff are typical of the claims of the Class Members;

   d) The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

   e) Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

3. Pursuant to Fed. R. Civ. P. 23(b)(3), this action is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following classes of plaintiffs (the "Class Members") with respect to the claims asserted in this lawsuit:

> DISCLOSURE CLASS: All individuals about whom a criminal background check was performed by Universal Background Screening between November 8, 2014 and February 6, 2017, in connection with their prospective employment with Defendant.

> ADVERSE ACTION CLASS: All individuals who meet the criteria for membership in the Disclosure Class and who were denied employment with Defendant based on the results of said background check between November 8, 2014 and February 6, 2017.

4. The Parties represent that there are approximately 2,700 members of the Disclosure Class and that there are at least 21, but likely less than 250, members of the Adverse Action Class, including Plaintiff.

5. Pursuant to Fed. R. Civ. P. 23, the Court appoints Plaintiff Marsha Ogletree as the Class Representative. The Court also appoints the Thompson Consumer Law Group, PLLC as Class Counsel.

6. The Court preliminarily finds that the settlement of this lawsuit, on the terms and conditions set forth in the Agreement is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength and weaknesses on the merits of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; and the potential for little to no recovery for the Classes in light of the requirement under the Fair Credit Reporting Act that a violation must be willful to recover statutory damages. Additionally, it appears that the proposed settlement was reached as a result of intensive, non-collusive, arms-length negotiations by skilled and experienced counsel.

7. The parties and their counsel will administer the settlement and notification to Class Members. Plaintiff's counsel will be responsible for mailing the approved Class Notice and will prepare settlement checks, mail settlement checks, and monitor the negotiation of settlement checks. All costs of administration will be paid by Defendant separate and apart from the amounts awarded, if any, to Plaintiff's counsel for attorney's fees and litigation-related expenses.

8. The Court approves the form and substance of the Class Notice, attached to the Settlement Agreement (Doc, 38.1) as Exhibit C.

9. The proposed form and method for notifying the Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed Class Notice is clearly designed to advise the Class Members of their rights. In accordance with the Agreement, Plaintiff's Counsel will mail the notice to the Class Members as expeditiously as possible, but in no event later than **14** days after the Court's entry of this order.

10. Any Class Member who desires to be excluded from the class must send a written request for exclusion to Plaintiff's Counsel and Defendant's Counsel with a postmark date no later than **December 5, 2017**. To be effective, the written request for exclusion must state the Class Member's full name, address, telephone number, and the last four digits of their social security number, along with a statement that the Class Member wishes to be excluded. Any Class Member who submits a valid and timely request for exclusion will not be bound by the terms of the Agreement.

11. Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Court. Further, any such Class Member must, within the same time period, provide a copy of the written objection to Plaintiff's Counsel and Defendant's Counsel at the addresses listed in the Class Notice.

12. To be effective, a notice of intent to object to the settlement Agreement must:

    a) Contain a heading which includes the name of the case and case number;

    b) Provide the name, address, telephone number and signature of the Class Member filing the objection;

    c) Be filed with the Clerk of the Court no later than **December 5, 2017**;

      d)    Be sent to Plaintiff's Counsel and Defendant's Counsel at the addresses designated in the Class Notice by first-class mail, postmarked no later than **December 5, 2017**;

      e)    Contain the name, address, bar number and telephone number of the objecting Class Member's counsel, if represented by an attorney. If the Class Member is represented by an attorney, he/she or it must comply with all applicable laws and rules for filing pleadings and documents in the U.S. District Court for the District of Arizona.

      f)    Contain a statement of each objection being made;

      g)    Contain a description of the facts underlying each objection;

      h)    Contain a description of the legal authorities underlying each objection;

      i)    Contain a statement of whether the objector intends to appear at the Final Fairness Hearing;

      j)    Contain a list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Final Fairness Hearing; and

      k)    Contain a list of exhibits which the objector may offer during the Final Fairness Hearing, along with complete, legible copies of all of the exhibits.

13.    The Court will conduct a motion hearing re Doc. 34, on **December 19, 2017, at 1:30 p.m.** at the U.S. District Court for the District of Arizona, Courtroom 505, 401 W. Washington St, Phoenix, AZ 85003, to review and rule upon the following issues:

      a)    Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23;

      b)    Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

         c)      Whether a Final Order and Judgment, as provided under the Agreement, should be entered, dismissing this lawsuit with prejudice and releasing the Released Parties; and

         d)      To discuss and review other issues as the Court deems appropriate.

14. In the event the proposed settlement is not finally approved, or if the Final Order and Judgment is reversed or modified on appeal (except for the modification of any attorney's fee or class representative service award), or any one of the conditions precedent set forth the Agreement is not met or any termination right in the Agreement is exercised, then this Order and all findings of fact and conclusions of law herein, shall be automatically dissolved without further order of the Court, null and void and of no force and effect, and in such event all *status quo ante* rights of Defendant to assert all other defenses, rights, and positions shall in all respects be unaffected and preserved as shall those rights of Plaintiff and the Classes

Dated this 6th day of November, 2017.

_____
Honorable John J. Tuchi
United States District Judge