NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Marsha Ogletree,

    Plaintiff,

v.

Cafe Valley Incorporated,

    Defendant.

No. CV-16-03881-PHX-JJT

**ORDER**

At issue is the Joint Motion for Final Approval Order and Judgment Approving Class Action Settlement (Doc. 44). Upon review and good cause appearing;

IT IS HEREBY ORDERED:

All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

    **1.**    **Jurisdiction.** The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

    **2.**    **Class Members**. Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby certified for settlement purposes only, as a class action on behalf of the following classes of plaintiffs with respect to the claims asserted in the Lawsuit:

> <u>"Disclosure Class"</u>
>
> All individuals about whom a criminal background check was performed by Universal Background Screening between November 8, 2014 and February 6, 2017, in connection with their prospective employment with Defendant.

"Adverse Action Class"

All individuals who meet the criteria for membership in the Disclosure Class and who were denied employment with Defendant based on the results of said background check between November 8, 2014 and February 6, 2017.

The Parties represent that there are approximately 2,572 members of the Disclosure Class, 109 of whom are also members of the Adverse Action Class.

**3.    Class Representative and Class Counsel Appointment.** Pursuant to Fed. R. Civ. P. 23, the Court certifies Plaintiff Marsha Ogletree as the Class Representative and the Thompson Consumer Law Group, PLLC as Class Counsel.

**4.    Class Notice.** Class action notices and claim forms were mailed to all of the Class Members. The form and method for notifying the Class Members of the settlement and its terms and conditions satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the proposed notice was clearly designed to advise the Class Members of their rights.

**5.    Final Class Certification**. The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A.  The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B.  There are questions of law and fact common to the Class Members, which predominate over any individual questions;

C.  The claims of the Plaintiff are typical of the claims of the Class Members;

D.  The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

E.  Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

6. **Fairness.** The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement and as set forth below, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of Plaintiff's alleged claims; the strength of Defendant's alleged defenses; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk that failing to prove a "willful" violation under the FCRA will prevent recovery for the Class; and the fact that Defendant is paying financial damages for alleged statutory violations.

7. **Approval of Terms.** The Agreement, which is on file in this case, shall be deemed incorporated herein, and the proposed settlement set forth in the Agreement is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Settlement include, but are not limited to, the following:

- Defendant will pay $20 to each member of the Disclosure Class;
- Defendant will pay an additional $200 to each member of the Adverse Action Class;
- Defendant will pay Plaintiff a Class Representative Service Award in the amount of $5,000.00 as compensation for her service to the Class;
- Defendant will reimburse Class Counsel $7,028.97 for the actual costs of distributing notice to the Class;
- Defendant will pay Class Counsel $1,583.94 for its anticipated costs of distributing settlement checks to the Class; and

- Defendant will pay Class Counsel its reasonable attorneys' fees and litigation expenses, which the Court will award in a separate order, but which Defendant has agreed not to contest, so long as such amounts do not exceed $60,000.

**8.     Objections and Exclusions.** The Class Members were given a fair and reasonable opportunity to object to the settlement. No Class Member objected to the settlement or requested exclusion from the class. This order is therefore binding on all Class Members.

**9.     Release of Claims and Dismissal of Lawsuit.** The Releases set forth in the Agreement are hereby approved. Pursuant to the Releases contained in the Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Order. Plaintiff, the Class Members, and all of their heirs, executors, administrators, successors, assigns, and any person or entity acting for, on behalf of, or for the benefit of any such persons are hereby permanently enjoined from suing upon, pursuing, or demanding any legal or equitable relief for any of the Released Claims, save and except for the compensation set forth above.

IT IS FURTHER ORDERED:

1.     This Action is hereby dismissed with prejudice as to all other issues and as to all parties and claims.

2.     This Order, the Agreement, and the existence and nature of the Settlement are not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

3.     Defendant is directed to pay Class Counsel the amount of $82,192.91 within 60 days of the entry of this order.

4.     Class Counsel is directed to distribute settlement checks to the Class Members within 75 days of the entry of this order.

5.     The Parties shall file a joint status report within 30 days of the entry of this Order, to advise the Court on the status of processing any additional claims by members

of the Adverse Action Class. The Parties shall include in such report whether the aforementioned sum shall be modified and whether additional time is necessary to complete the settlement.

6. Class Counsel shall submit its motion for attorney's fees and litigation expenses no later than 30 days after the entry of this Order.

7. The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this Order.

IT IS FURTHER ORDERED directing the Clerk to issue judgment and close this case.

Dated this 7th day of February, 2018.

Honorable John J. Tuchi
United States District Judge