David N. McDevitt (030761)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-845-5969 phone
866-317-2674 facsimile
dmcdevitt@consumerlawinfo.com
Attorneys for Ms. Ogletree

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marsha Ogletree, *on behalf of herself and all others similarly situated* <br><br> Plaintiff, <br><br> vs. <br><br> Cafe Valley, Inc., <br><br> Defendant. | Case No. 2:16-cv-03881-JJT <br><br> **CLASS COUNSEL'S UNOPPOSED MOTION FOR ATTORNEY'S FEES AND LITIGATION EXPENSES** |

## I.   Introduction

The Thompson Consumer Law Group, PLLC ("Class Counsel") moves the Court for an order awarding it $64,935 in attorney's fees and litigation expenses from Defendant Café Valley, Inc. ("Defendant"). This amount consists of $64,410 in attorney's fees, based on 178.6 hours of time reasonably spent on this action, and $525 in expenses necessarily incurred in this litigation. For the purposes of this motion, Class Counsel has elected to follow the procedures set forth in Local Rule 54.2, even if this rule does not necessarily govern it. *See* LRCiv. 54.2(a) ("if the court does *not* establish other procedures for determining such fees, the procedures set forth in this Local

Rule apply") (emphasis added); Doc. 48 at 4-5 (explaining that "the Court will award" Class Counsel "its reasonable attorneys' fees and litigation expenses…in a separate order"). As explained in the Statement of Consultation, Defendant does not oppose Class Counsel's request. *See* Exhibit A.

## II.   Eligibility

Class Counsel is eligible for an award of attorney's fees and litigation-related expenses under Rule 23. *See* Fed. R. Civ. P. 23(h) ("In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement."). In addition, Class Counsel is entitled to recover attorney's fees under Fed. R. Civ. P. 54(d)(2), by way of the fee-shifting provision in the Fair Credit Reporting Act ("FRCA"). *See* 15 U.S.C. § 1681n(a)(3) (allowing recovery of "reasonable attorney's fees as determined by the court" in actions successfully enforcing liability for willful violations); 15 U.S.C. § 1681o(a)(2) (same provision with respect to negligent violations); *see also Yeagley v. Wells Fargo & Co.*, 365 F. App'x 886, 887 (9th Cir. 2010) ("remand[ing] for the district court to exercise its broad discretion under the lodestar method to recalculate a reasonable attorneys' fee," rather than a percentage-of-the-recovery method—in FCRA class action settlement where class members received *no* monetary compensation).

The Thompson Consumer Law Group, PLLC was appointed as Class Counsel by the Court in its February 7, 2018 order granting final class certification and approval of the proposed class action settlement (hereinafter "Final Approval Order"). Doc. 48 at 2, ¶ 3. The Court directed Class Counsel to "submit its motion for

attorney's fees and litigation expenses no later than 30 days after the entry of th[e] [Final Approval] Order"—or, by March 9, 2018. *Id*. at 5, ¶ 6. In accordance with Rule 23(h)(1), the Class Members were notified that Class Counsel would seek its reasonable fees and expenses in an amount to be awarded by the Court and that Defendant had agreed not to contest a request for fees in an amount up to $60,000. *See* Doc. 34-2 at 4 (Class Notice). No Class Member objected. Doc. 48 at 4. While Defendant has subsequently indicated that it will not to contest Class Counsel's request for $64,935, *see* Exhibit A, this was not a condition of the settlement agreement, and Class Counsel's request remains subject to the Court's approval, in accordance with the terms previously explained in the Class Notice.

## III.   Entitlement

Whether this action is construed as one that successfully enforced liability for *willful* or, rather, *negligent* violations of the FCRA, Class Counsel is entitled to recover attorney's fees under the lodestar calculation pursuant to the settlement it obtained on behalf of the Class. *See Yeagley*, 365 F. App'x at 887. Under the settlement, all Class Members are receiving $20 as members of the Disclosure Class and the 109 members of the Adverse Action Class are receiving an additional $200.

Furthermore, Defendant "agree[d] to pay Class Counsel's reasonable attorney's fees and non-settlement administration litigation costs up to $60,000" without objection. Doc. 38-1 at 18 (Section 2.3(C)). The settlement agreement contemplated that Class Counsel might ultimately request an additional amount beyond $60,000,

and Defendant has elected not "to exercise any…rights it has to contest such [greater] request." *Id.*; Exhibit A (statement of consultation).

In both scenarios, the Ninth Circuit directs the district court to calculate fees "under the 'lodestar' method, meaning that the court multiplied the number of hours class counsel reasonably spent on the case by a reasonable hourly rate." *Lane v. Facebook, Inc.*, 696 F.3d 811, 818 (9th Cir. 2012); *Yeagley*, 365 F. App'x at 887.

### IV.   Reasonableness of Requested Award

"There is a strong presumption that the lodestar is a reasonable fee." *Stetson v. Grissom*, 821 F.3d 1157, 1165 (9th Cir. 2016). To determine the lodestar, the court "multiplie[s] the number of hours class counsel reasonably spent on the case by a reasonable hourly rate." *Lane*, 696 F.3d at 818. Courts "should bear in mind that the measure of reasonable hours is determined by the profession's judgment of *the time that may be conscionably billed* and *not the least time* in which it might theoretically have been done." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1306 (11th Cir. 1988) (emphasis added).

"To determine a 'reasonable hourly rate,' the district court should consider: 'experience, reputation, and ability of the attorney; the outcome of the results of the proceedings; the customary fees; and the novelty or the difficulty of the question presented.' " *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1044 (9th Cir. 2016) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986)). "The reasonable rate should generally be guided by 'the rate prevailing in the community for similar work

performed by attorneys of comparable skill, experience, and reputation.' " *Id*. (quoting *Chalmers*, 796 F.2d at 1211-12).

Here, Class Counsel seeks an award of attorney's fees in the amount of $64,410, based on 178.6 hours of spent by attorneys Russell S. Thompson, Joseph Panvini, and David McDevitt[1], at the rates permitted by Plaintiff's contract with Class Counsel[2], and recently approved by this Court[3]. Specifically, these amounts are broken down as follows:

| **Attorneys** | **Role** | **Hours** | **Rate** | **Total** |
|---|---|---|---|---|
| Russell S. Thompson IV | Partner | 28 | $400 | $11,200 |
| Joseph Panvini | Attorney | 10 | $400 | $4,000 |
| David N. McDevitt | Attorney | 140.6 | $350 | $49,210 |
| **Total** | | **178.6** | | **$64,410** |

Because $64,410 is a reasonable fee in compensation for Class Counsel's effort, the Court should approve this request.

### A.   The time and labor required of counsel.

Class Counsel's time spent and work performed, as summarized in the above-table, is detailed in its timesheet attached as Exhibit A to the Declaration. As a matter of billing discretion, Class Counsel has waived time incurred by other attorneys and paralegals who worked on this litigation. *See* Declaration at Exhibit A (entries which are not highlighted). Through February 19, 2018, Class Counsel's attorneys and paralegals actually worked a total of 268 hours on this case. At the rates approved by this Court, this would equate to

---

[1] *See* Highlighted Time Entries in Exhibit A to Declaration of Russell S. Thompson IV in Support of Class Counsel's Unopposed Motion for Attorney's Fees and Litigation Expenses, filed contemporaneously herewith (hereinafter the "Declaration").

[2] *See* Page 5 of Exhibit B to the Declaration.

[3] *See* Page 4 of Exhibit C to the Declaration.

$80,160 in attorney's fees.  Class Counsel does not seek to recover fees for any time spent preparing this motion, the joint status report (also filed today), or time they may spend assisting staff in distributing settlement checks to the Class.  Accordingly, the actual amount of time sought to be compensated is more than reasonable.

### B.     The novelty and difficulty of the questions presented.

This Court has noted that "many of these factors have already been calculated in the lodestar analysis and need not be re-introduced as means of adjusting the fee award." *St. Bernard v. State Collection Serv., Inc.*, 782 F. Supp. 2d 823, 828 (D. Ariz. 2010). "[T]he novelty and complexity of a case generally may not be used as a ground for an enhancement because these factors presumably are fully reflected in the number of billable hours recorded by counsel." *Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 1673, 176 L. Ed. 2d 494 (2010) (internal alteration omitted).

However, this factor does justify a slightly higher hourly rate than is often awarded for attorneys with comparable time in practice for matters involving claims arising under the FDCPA, a nearby federal consumer protection statute.  As discussed further in Section IV.E, attorneys are often awarded $250-300 per hour under the FDCPA, and claims under the FCRA are more complicated and there are many fewer consumer attorneys available or able to pursue them.  Indeed, Class Counsel is unable to locate an opinion within this District wherein attorney's fees were awarded for claims brought under § 1681b(b).

At least one court from outside this district has relied on the novelty and complexity of issues raised in § 1681b(b) cases to justify an upward modification to the lodestar calculation. *See e.g. Carter v. McDonald's Restaurants*, No. EDCV1501531MWFJCX,

2017 WL 5634300, at *6 (C.D. Cal. Mar. 15, 2017) (citing "whether Plaintiff had standing" and "whether Defendants' actions were willful so as to allow recovery under the statute"); *but see Edwards v. Horizon Staffing, Inc.*, No. 1:13-CV-3002-WSD, 2015 WL 13283397, at *8 (N.D. Ga. Jan. 2, 2015) (finding same factors did not justify an upward adjustment, where lodestar calculation was based on hourly rates between $425 and $575). And courts have generally observed that "[m]ost class actions are inherently complex…." *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000), *aff'd sub nom. D'Amato v. Deutsche Bank*, 236 F.3d 78 (2d Cir. 2001).

**C.    The skill requisite to perform the legal service properly.**

This factor is taken into account in the lodestar calculation and therefore does not warrant adjustment. *See St. Bernard*, 782 F. Supp. 2d at 828-29.

**D.    The preclusion of other employment by counsel because of the acceptance of the action.**

This factor does not warrant adjustment of the lodestar amount.

**E.    The customary fee charged in matters of the type involved.**

"[T]he established standard when determining a reasonable hourly rate is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho*, 523 F.3d at 979. There is no case in the District of Arizona that Class Counsel is aware of discussing the reasonable hourly rate for the type of FCRA work involved here.

But other courts have found much higher rates to be reasonable in class settlements involving § 1681b(b) claims. *See Flores v. Express Servs., Inc.*, No. CV 14-3298, 2017

WL 1177098, at *4 (E.D. Pa. Mar. 30, 2017) (approving of rates up to $725 per hour); *Roe v. Frito-Lay, Inc.*, No. 14-CV-00751-HSG, 2017 WL 1315626, at *6 (N.D. Cal. Apr. 7, 2017) (finding overall fee request too high, but underlying rates of "$800, $650, $600, and $450 per hour" to be reasonable); *Ford v. CEC Entm't Inc.*, No. 14CV677 JLS (JLB), 2015 WL 11439033, at *6 (S.D. Cal. Dec. 14, 2015) (approving "$370 per hour for the most junior lawyer to $695 per hour for the three most senior lawyers").

Importantly, this Court has found Class Counsel's rates to be reasonable in a similar class action settlement involving consumer protection claims. *See* Exhibit C to Declaration (order from *Jordan* approving $400/hour for Russell S. Thompson IV and Joseph Panvini and $350/hour for David McDevitt). This Court has also approved rates of at least $300.00 per hour for experienced attorneys in FDCPA cases brought on an individual basis. *See e.g.*, *St. Bernard*, 782 F. Supp. 2d at 827 ($350 hourly rate reasonable for experienced attorney in FDCPA case); *Shelago v. Marshall & Ziolkowski Enterprise, LLC*, No. CV07-0279-PHX-JAT, 2009 WL 1097534, at *2 (D. Ariz. Apr. 22, 2009) (finding hourly rates of $300 and $400 to be "reasonable and are consistent with the prevailing market rates for lawyers of their skill levels."). This is consistent with the decisions of courts in other jurisdictions in FDCPA and other consumer protection matters.[4]

---

[4]     *See Dowling v. Litton Loan Servicing, L.P.*, 320 Fed. Appx. 442 (6th Cir. 2009) ($300 hourly rate fell within range of reasonableness for litigators of counsel's skill level and experience in that community); *Young v. Diversified Consultants, Inc.*, 554 F. Supp. 2d 954, 957 (D. Minn. 2008) ($300 hourly rate reasonable in FDCPA case, and $325 found reasonable for more experienced FDCPA attorney); *Arlozynski v. Rubin & Debski, P.A.*, 2011 WL 6318970 (M.D. Fla. Dec. 16, 2011) (finding $350 per hour reasonable in an FDCPA case); *Patton v. Prober & Raphael, a Law Corp.*, 2012 WL 294537, at *8 (N.D. Cal. Jan. 13, 2012) *report and recommendation adopted,* 2012 WL 294511 (Jan. 30, 2012)

In 2011, a survey was conducted of consumer advocates across the country to determine the rates charged by attorneys practicing in the area of consumer protection, grouped by attorney's years in practice, location of practice, and size of firm. *See* 2011 Consumer Law Attorney Fee Survey, attached to Declaration as Exhibit D. Page 15 of the attached survey shows that the average billing rate for firms with more than five attorneys in Arizona is $300.00 per hour, and $330.00 per hour for smaller firms. The average billing rate generally increases commensurate with years of experience. Class Counsel's contractual rates are comparable with these average rates.

This Court also considers the Laffey Matrix in judging a reasonable rate. *See e.g.*, *St. Bernard*, 782 F. Supp. 2d at 827; *Shelago*, 2009 WL 1097534, at *2. The Laffey Matrix

---

(same); *Haberman v. PNC Mortgage Co.*, 915 F. Supp. 2d 800, 805 (E.D. Tex. 2013) (finding hourly rates of $225, $300, and $350 to be reasonable in a Fair Credit Reporting Act case); *Lamberson v. Bank of Am. Corp.*, No. CIV. 11-335 ADM/TNL, 2012 WL 4129807, at *3 (D. Minn. Sept. 19, 2012) (awarding reasonable hourly rate of $350 in FDCPA case); *Carter v. Medicredit, Inc.*, No. 2:11-CV-01272-WMA, 2012 WL 4329294, at *2 (N.D. Ala. Sept. 18, 2012) (finding hourly rate of $375 to be reasonable in FDCPA case); *Garcia v. Resurgent Capital Services, L.P.*, No. C-11-1253 EMC, 2012 WL 3778852, at *3-4 (N.D. Cal. Aug. 30, 2012) (finding reasonable requested hourly rates of $400 and $300 for experienced FDCPA attorneys); *Collins v. Bowman, Heintz, Boscia & Vician P.C.*, No. 1:10-CV-1629-JMS-TAB, 2012 WL 1142442, at *3 (S.D. Ind. Mar. 8, 2012) (approving hourly rate of $300 for attorney in FDCPA case); *Sclafani v. Firstsource Advantage, LLC*, No. 11-62090-CIV, 2012 WL 718647, at *2 (S.D. Fla. Mar. 6, 2012) (finding "a billing rate of $325.00 per hour is reasonable"); *Phenow v. Johnson, Rodenberg & Lauinger, PLLP*, 766 F. Supp. 2d 955, 957 (D. Minn. 2011) ($350 hourly rate reasonable for lead attorney's work in FDCPA case); *Beasley v. Sessoms & Rogers, P.A.*, 5:09-CV-43-D, 2011 WL 5402883, at *3 (E.D.N.C. Nov. 8, 2011) (finding reasonable hourly rates of up to $350.00); *Shields v. Merchants and Med. Credit Corp., Inc.*, 2011 WL 3566485, at *4 (E.D. Mich. June 30, 2011) (finding that $300 is a reasonable hourly rate for two consumer attorneys in an FDCPA action); *Kelly v. Montgomery Lynch & Assoc., Inc.*, 2008 WL 4560744, at *7 (N.D. Ohio Oct. 8, 2008) (finding $300 to be a proper hourly rate for two experienced consumer attorneys in FDCPA actions).

suggests that a reasonable hourly rate for an attorney 1-3 years out of law school is $343, and $421 for an attorney 4-7 years out of law school. *See* http://www.laffeymatrix.com/see.html. Class Counsel's rates are lower than these rates.

**F.      Whether the fee contracted between the attorney and the client is fixed or contingent.**

Class Counsel represented Plaintiff for a fixed, hourly rate, which is reflected in the lodestar calculation. However, under the terms of the fee agreement, recovery of fees was contingent upon prevailing in the case. This Court has recognized that the risk inherent in contingency fee arrangements calls for appropriate consideration in awarding a reasonable fee. *See Hires v. Comm'r of Soc. Sec. Admin.*, No. CV-08-2037-PHX-FJM, 2010 WL 2720821, at *2 (D. Ariz. July 9, 2010) ("Exercising our discretion and accounting for the risk inherent in contingency fee arrangements, we conclude that an hourly rate of $300.00 is a reasonable fee in this case."). This factor may be taken into account in applying a higher hourly rate.

**G.      Any time limitations imposed by the client or the circumstances.**

This factor does not warrant adjustment of the lodestar amount.

**H.      The amount of money, or the value of the rights involved, and the results obtained.**

"Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). Here, Class Counsel has obtained a settlement for the Class in which all members will receive $20, and Adverse Action Class members will receive an additional $200. This is comparable to, or even

slightly better than, settlements of similar claims. *See Ford*, 2015 WL 11439033, at *5 (considering it "a favorable settlement for the Class Members, whereby they will receive $38 in cash automatically, and for which the Adverse Action Subclass stands to receive an additional $74"); *Frito-Lay*, 2017 WL 1315626, at *2 (settlement of § 1681b(b)(3) claims where "each class member will receive a payment of approximately $193.45").

### I.   The experience, reputation and ability of counsel.

Plaintiff's attorneys' experience is discussed in the Declaration, submitted contemporaneously herewith.

### J.   The "undesirability" of the case.

This factor does not warrant adjustment of the lodestar amount.

### K.   The nature and length of the professional relationship between the attorney and the client.

This factor does not warrant adjustment of the lodestar amount.

### L.   Awards in similar actions.

*See* Section IV.E., *supra*, discussing awards in similar actions, including fee awards for Plaintiff's same counsel.

### M.   Any other matters deemed appropriate under the circumstances.

None.

## V.   CONCLUSION

Class Counsel has exercised billing discretion by seeking only the time spent by the three attorneys who performed the most work on the case, and waiving all times incurred by other attorneys and paralegals. The hourly rates sought have been approved by this

Court in a similar settlement and are in line with other amounts approved in FCRA class settlements involving § 1681b(b) claims. Furthermore, the litigation expenses were necessarily incurred. *See* Page 23 of Exhibit A to the Declaration. The Court should therefore grant Class Counsel's request for attorney's fees and litigation expenses in the amount of $64,935.

Respectfully submitted on March 9, 2018,

By: s/ David N. McDevitt
David N. McDevitt (030761)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-845-5969 phone
866-317-2674 facsimile
dmcdevitt@consumerlawinfo.com
Attorneys for Ms. Ogletree

## CERTIFICATE OF SERVICE

I certify that on March 9, 2018, I electronically filed the foregoing CLASS COUNSEL'S UNOPPOSED MOTION FOR ATTORNEY'S FEES AND LITIGATION EXPENSES with the clerk of the U.S. District Court of Arizona, using the electronic case filing system of the court, which will send notification of such filing to all counsel of record.

s/ David N. McDevitt
David N. McDevitt